337 A.2d 569
**COMMONWEALTH of Pennsylvania**
v.
**Richard Calvin KLINGER, Jr., Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 22, 1974.

Decided May 13, 1975.

608

Detleff A. Hansen, Bernard M. Billick, Stroudsburg, for appellant.

James F. Marsh, Dist. Atty., Stroudsburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, and MANDERINO, JJ.

## OPINION

ROBERTS, Justice.

Appellant was charged with the murder of Regina Prosser.[1] Prior to trial, appellant moved to suppress incriminating statements he had made to the police. After a hearing, the suppression court denied the motion. Thereupon, appellant pleaded guilty to murder generally.

Pursuant to his plea, a three-judge court conducted a degree-of-guilt hearing[2] and found appellant guilty of murder in the first degree. After denial of his post-trial motions, appellant was sentenced to life imprisonment. This appeal ensued.[3]

Appellant asserts two grounds for reversal. First, he argues that the suppression court erred in failing to suppress incriminating statements. Second, he claims that the evidence produced at the hearing was insufficient to support a finding of murder in the first degree. We find these contentions to be without merit and affirm.

### I.

Appellant asserts that the incriminating statements should have been suppressed because (1) he was not given *Miranda*[4] warnings and (2) his youth and the absence of friendly adult guidance during interrogation rendered his waiver of *Miranda* rights unknowing, unintelligent and involuntary.

1.  At the time appellant was charged with the murder, he was 17 years of age. Upon the joint motion of the Commonwealth and appellant, the juvenile court certified this case to the district attorney for the prosecution of appellant as an adult.

2.  See Pa.R.Crim.P. 319A, 19 P.S. Appendix.

3.  Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1974).

4.  See *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The suppression court found the following facts concerning the circumstances in which appellant made the statements. Appellant, at the time 17 years, seven months old, was arrested in Miami Beach, Florida at 2:00 a. m., on October 12, 1971, for loitering. The arresting officers read him his *Miranda* rights. Later that morning, appellant's foster parents, who resided in New Jersey, were notified by telephone of appellant's arrest.

At about 7:30 a. m., Sergeant Goldstein of the Miami Beach police reviewed the record of appellant's arrest and discovered that appellant was sought by Pennsylvania authorities. When at 8:30 a. m., appellant appeared for arraignment, Goldstein obtained a 24 hour continuance of the arraignment to enable him to complete his investigation. About 2 hours later the Stroudsburg, Pennsylvania, police informed Goldstein that appellant was sought by them as a suspect in a homicide.

At 11:30 a. m., Goldstein went to appellant's jail cell and told him what he had learned from the Stroudsburg police. He read appellant his *Miranda* warnings. He also told appellant that he would testify in court concerning any statement made to him and would tell the court that appellant's statement was voluntarily and freely made. Appellant waived his rights and agreed to discuss the murder.

Goldstein took appellant to an interrogation room where appellant was again given *Miranda* warnings. He was then questioned by Goldstein and a Lieutenant Kelley. During the interrogation, appellant admitted shooting Mrs. Prosser in the chest and burglarizing her home. After completing his oral statements, appellant dictated a formal statement to the officers. Kelley and Goldstein then asked the appellant to read the written confession.

When appellant had finished reading the formal statement, he agreed to make a tape-recorded confession. Lieutenant Kelley again gave appellant *Miranda* warn-

ings, but on this occasion failed to repeat that free counsel would be appointed for him if he could not afford private counsel. At the conclusion of the tape-recorded statement, appellant signed the written one. The period of interrogation lasted a total of 45 minutes.

We have reviewed the record and are satisfied that there is sufficient support for the suppression court's findings of fact. We must therefore conclude that the suppression court correctly decided that adequate *Miranda* warnings were given. See *Commonwealth v. Eden,* 456 Pa. 1, 2, 317 A.2d 255, 256 (1974); *Commonwealth v. Sharpe,* 449 Pa. 35, 296 A.2d 519 (1972).

■ Although just prior to the making of the tape-recorded statement Lieutenant Kelley failed to re-inform appellant he would be assigned free counsel if he could not afford private counsel, this omission on this record, does not require suppression. Appellant was given full *Miranda* warnings at the time (1) of his arrest, (2) of Sergeant Goldstein's visit to his cell and (3) of the initiation of interrogation. In addition, before making the recording, appellant read the full set of warnings printed on the form on which his statement was written. In these circumstances, adequate steps were taken to assure that appellant was fully informed of his rights. Cf. *Commonwealth v. Clark,* 454 Pa. 329, 335, 311 A.2d 910, 913 (1973); *Commonwealth v. Swint,* 450 Pa. 54, 60, 296 A.2d 777, 781 (1972); *Commonwealth v. Bradley,* 449 Pa. 19, 23, 295 A.2d 842, 844 (1971); *Commonwealth v. Hoss,* 445 Pa. 98, 112, 283 A.2d 58, 66 (1971); *Commonwealth v. Bennett,* 445 Pa. 8, 15, 282 A.2d 276, 279 (1971).

■ We are also of the view that in the circumstances of this case appellant's youth did not prevent him from making a knowing, intelligent, and voluntary waiver of his constitutional rights. In determining whether waiver of *Miranda* rights by either a juvenile or an adult is

valid, it must be decided whether, considering all the attending circumstances, the Commonwealth has established by a preponderance of the evidence that the accused understood his rights and knowingly, intelligently, and voluntarily waived them. *Commonwealth v. Starkes,* 461 Pa. 178, 180, 335 A.2d 698, 699 (1975) (opinion of Mr. Justice Nix in which Mr. Justice Manderino and this writer joined); *Commonwealth v. Jones,* 459 Pa. 286, 287, 328 A.2d 828, 829 (1974) (plurality opinion); *Commonwealth v. Davis,* 455 Pa. 142, 314 A.2d 313 (1974); *Commonwealth v. Jones,* 452 Pa. 299, 304, 304 A.2d 684, 688 (1973); *Commonwealth v. Fogan,* 449 Pa. 552, 296 A.2d 755 (1972); *Commonwealth v. Moses,* 446 Pa. 350, 354, 287 A.2d 131, 133 (1971); *Commonwealth v. Darden,* 441 Pa. 41, 271 A.2d 257 (1970), cert. denied, 401 U.S. 1004, 91 S.Ct. 1243, 28 L.Ed.2d 540 (1971).

However, we have held that where the accused is a juvenile, closer scrutiny must be given to the validity of the waiver. *Commonwealth v. Starkes,* supra; *Commonwealth v. Fogan,* supra; *Commonwealth v. Jones,* 459 Pa. 286, 289, 328 A.2d 828, 831 (1974) (plurality opinion); *Commonwealth v. Cobbs,* 452 Pa. 397, 404, 305 A.2d 25, 28 (1973). This closer scrutiny requires the suppression court to examine not only those factors normally examined in determining whether a waiver is valid but also the effect of the juvenile's age and mental and physical maturity upon the waiver. *Commonwealth v. Starkes,* supra. Furthermore, our decisions suggest that the absence during interrogation of the informed advice of an adult friendly to the accused juvenile will weigh heavily against a finding of knowing, intelligent, and voluntary waiver. See *Commonwealth v. Starkes,* supra, *Commonwealth v. Roane,* 459 Pa. 389, 329 A.2d 286 (1974) (opinion of Mr. Justice O'Brien in which Mr. Justice Manderino and this writer joined).

■ Here, there are several factors supporting a finding of a knowing, intelligent and voluntary waiver. Appellant was repeatedly informed of his *Miranda* rights, and, on the occasion of each recital, told the police he understood the warnings. Furthermore, appellant does not claim he was tricked or coerced by physical or psychological abuse into waiving his rights. The Commonwealth's evidence also reveals that appellant showed no signs of fatigue and that he was only "slightly nervous" when he made the statements.

However, two other factors tend to counterbalance those listed above. Foremost of these is that appellant was without friendly adult guidance throughout the interrogation. The lengthy period of incarceration, nine hours, prior to the making of his statement also weighs against a finding of a knowing, intelligent and voluntary waiver.[5]

In light of these factors, this case presents a close question. However, after considering all the circumstances, we conclude that there was sufficient evidence upon which the suppression court could conclude that despite appellant's youth his waiver was valid. In reaching this decision, an important fact in our consideration is that appellant was 17 years and seven months old and apparently of normal maturity and development at the time he confessed. Thus appellant has almost reached the age at which he would no longer be considered to be in need of special protection when charged with violation of the criminal law. See Act of December 6, 1972, P.L. 1464, No. 333, §§ 1 et seq., 11 P.S. §§ 50–101 et seq. (Supp.1974). In these circumstances, the fact that appellant was without friendly adult advice is less significant in determining his ability to understand his rights and his capacity to assert them in the inherently coercive atmosphere of in-custody interrogation than in instances

5. Appellant presents no claim pursuant to Pa.R.Crim.P. 130. See *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972).

where the accused is younger or less mature. We are therefore of the view that the adjudication of the suppression court was proper and the three-judge court did not err in considering appellant's statements.

## II.

■ Appellant also maintains that there was insufficient evidence to warrant the three-judge court's verdict that appellant had committed a first-degree felony murder. He claims that at the time he shot the victim he was attempting only the theft of her automobile. He further asserts that the theft of a car is only larceny, an offense which will not support a conviction of a felony murder.

We cannot agree. Section 903 of the Act of June 24, 1939, P.L. 872, (formerly) 18 P.S. § 4903 (1963)[6] provides:

> "Whoever, at any time, wilfully and maliciously, enters any . . . motor vehicle, . . . with intent to commit any felony therein, is guilty of burglary, a felony[7] . . . .."

Since at the time appellant shot Mrs. Prosser he was attempting to enter her car and steal it, the murder was committed in an attempt to commit a burglary and was therefore first degree felony murder.[8] See *Commonwealth v. Maloney*, 365 Pa. 1, 73 A.2d 707 (1950).

Judgment of sentence affirmed.

6. Repealed, Act of December 6, 1972, P.L. 1482, No. 334, § 5.

7. *Commonwealth v. Hooks*, 450 Pa. 562, 301 A.2d 827 (1973).

8. "[Any] murder . . . which shall be committed in the perpetration of, or attempting to perpetrate any . . . burglary . . . shall be murder in the first degree." Act of June 24, 1939, P.L. 872, § 701, as amended (formerly 18 P.S. § 4701 (1963)). Repealed Act of December 6, 1972, P.L. 1482, No. 334, § 5.

Appellant also contends that because the Commonwealth failed to establish the corpus delicti of burglary by evidence independent of appellant's admissions, there was insufficient evidence to

NIX, J., did not participate in the consideration or decision of this case.

JONES, C. J., and EAGEN, O'BRIEN and POMEROY, JJ., concur in the result.

convict him of felony murder. We cannot agree. Appellant was not charged with burglary and thus the Commonwealth was not required to prove the corpus delicti of that crime.