J-A21040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD C. KLINGER, II, | |
| Appellant | No. 273 EDA 2015 |

Appeal from the PCRA Order entered December 26, 2014,
in the Court of Common Pleas of Monroe County,
Criminal Division, at No(s): CP-45-CR-0000109-1972

BEFORE:  ALLEN, MUNDY, and FITZGERALD*, JJ.

MEMORANDUM BY ALLEN, J.:                         **FILED JULY 23, 2015**

Richard C. Klinger, II ("Appellant") appeals from the order denying his third petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and partial procedural history have been summarized as follows:

> In October 1971, the Commonwealth charged [Appellant] with the murder of Regina Prosser.  [Appellant] was certified as an adult in this Court, pled guilty to a general murder charge, and requested a degree of guilt hearing before a three judge panel.  On February 9, 1972, Judges Williams, Davis, and Little found [Appellant] guilty of first degree murder and sentenced him to a term of life imprisonment.  At the time of sentencing, [Appellant] was seventeen years old.

*Former Justice specially assigned to the Superior Court.

> The Court denied [Appellant's] Motion for Reconsideration of Verdict on July 3, 1973. The Supreme Court of Pennsylvania affirmed this Court's judgment of sentence by opinion dated May 13, 1975. **Commonwealth v. Klinger**, 461 Pa. 606, 337 A.2d 569 (1975). [Appellant] filed multiple Post Conviction Hearing Act Petitions ("PCHA Petition") which Judge Williams ultimately dismissed on September 7, 1982. Judge Williams refused to find [Appellant's] trial counsel ineffective and concluded that the Court did not err when it refused to suppress inculpatory statements made by [Appellant]. The Superior Court of Pennsylvania affirmed denial of [Appellant's] PCHA Petition on May 11, 1984.

**Commonwealth v. Klinger**, 34 A.3d 228 (Pa. Super. 2011), unpublished memorandum at 1-2.

Appellant filed a second *pro se* petition for relief under the PCRA. After appointing counsel and holding an evidentiary hearing, the PCRA court denied Appellant's petition. On September 15, 2011, this Court affirmed PCRA court's order. **Klinger**, **supra**. On March 21, 2012, our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Klinger**, 40 A.3d 1234 (Pa. 2012).

On June 28, 2012, Appellant filed a motion for *habeas corpus* relief based on the United States Supreme Court's decision in **Miller v. Alabama**, ___ U.S. ___, 132 S.Ct. 2455 (2012). The PCRA court appointed counsel and on August 10, 2012, Appellant filed his third PCRA petition to be considered along with his petition for *habeas corpus* relief. Thereafter, the matter was continued several times and then stayed until the Pennsylvania Supreme Court reached its decision in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013).

Following our Supreme Court's *Cunningham* decision, the PCRA court instructed PCRA counsel to file an amended PCRA petition and petition for *habeas corpus* relief, with PCRA counsel to address the high court's ruling in *Cunningham*. PCRA counsel complied. On August 22, 2014, the PCRA court held a hearing, and both parties filed supplemental legal memoranda. By order entered December 26, 2014, the PCRA court denied both petitions. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

> Whether the [PCRA] court erred in denying Appellant's PCRA Petition on jurisdictional grounds since Appellant's petition falls within the exception set forth in 42 Pa.C.S.A. §9545(b)(1)(iii).

Appellant's Brief at 5.

Our standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is

without a trace of support either in the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011 (Pa. Super. 2001).

Appellant challenges the PCRA court's determination that his latest PCRA petition was untimely. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. ***Id***. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. ***Id.***

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." ***Gamboa-Taylor***, 753 A.2d at 783. ***See also*** 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to

the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

It is beyond dispute that Appellant filed his latest PCRA petition decades late. Thus, Appellant's third petition is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time restrictions. In support of his claim, Appellant makes two arguments. Relying on *Miller's* companion case, Appellant first argues that the United States Supreme Court has held that *Miller* should be applied retroactively. Alternatively, Appellant argues that, in *Cunningham*, our Supreme Court "only denied the retroactive application of *Miller*, on federal grounds thereby leaving the opportunity for *Miller* to be applied retroactively to individuals on collateral review based on broader retroactivity principles based on Pennsylvania [constitutional] norms." Appellant's Brief at 20.

In rejecting Appellant's claims, the PCRA court reasoned:

> [I]n his statement of matters complained of on appeal, [Appellant] asserts that this Court erred in not applying

the rule in *Miller v. Alabama*, retroactively since the United States Supreme Court has retroactively applied its decision in . . . *Miller* to a case on post-conviction review. However, we have been unable to find any post-*Miller* decision in which the United States Supreme Court has applied the right it announced in *Miller* retroactively on collateral review, and [Appellant] throughout this matter has been unable to cite us to any such decision. While [Appellant's] brief mentions *Jackson v. Hobbs*, the companion case to *Miller*, and it is likely that the averment quoted from his [Pa.R.A.P.] 1925(b) Statement was meant to refer to *Jackson* since that case arose on collateral review, in *Cunningham* our Supreme Court specifically rejected the *Jackson*-based argument posited by [Appellant] and held that *Jackson* does not compel that the holding in *Miller* be applied retroactively. *Cunningham*, 81 A.3d at 9.

PCRA Court Opinion, 3/18/15, at 5-6 (citations omitted).

Our review of recent precedent supports the PCRA court's discussion of *Miller* and its retroactivity. *See generally*, *Cunningham*, *supra*, *Commonwealth v. Reed*, 107 A.3d 137 (Pa. Super. 2014); *Commonwealth v. Seskey*, 86 A.3d 237 (Pa. Super. 2014), *appeal denied*, 101 A.3d 103 (Pa. 2014); *compare Commonwealth v. Christina*, 114 A.3d 419 (Pa. Super. 2015). Thus, Appellant's first claim regarding retroactivity is meritless.[1]

---

[1] Appellant also cites to the federal court's decision in *Songster v. Beard*, 35 F.Supp.3d 657 (E.D.Pa. 2014), in which the district court held that *Miller* applied retroactively to cases on collateral review. Because federal decisions that construe Pennsylvania law are not binding precedent, *Commonwealth v. Bennett*, 57 A.3d 1185, 1203 (Pa. 2012), this decision does not affect our decision.

- 6 -

Appellant did not sufficiently raise a separate state constitutional basis for retroactivity in his Pa.R.A.P. 1925(b) statement. Thus, the PCRA court did not address the alternative argument Appellant raises within his brief, and the claim is waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not raised in the Pa.R.A.P. 1925(b) statement are waived).

In sum, Appellant's PCRA petition is facially untimely, and he has failed to meet his burden of proof with regard to any exception to the timeliness requirements of the PCRA. We therefore affirm the PCRA court's denial of Appellant's petition for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/2015