J-S67038-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD CALVIN KLINGER JR., | : | |
| | : | |
| Appellee | : | No. 69 EDA 2018 |

Appeal from the Judgment of Sentence November 15, 2017
in the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000109-1972

BEFORE:    OTT, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED JANUARY 11, 2019**

The Commonwealth appeals from the November 15, 2017 judgment of sentence of 46 years to life imprisonment imposed on Richard Calvin Klinger Jr. (Klinger) following a resentencing hearing pursuant to ***Miller v. Alabama***, 567 U.S. 460 (2012).[1]  We affirm.

On August 26, 1971, when he was 17 years and 3 ½ months old, Klinger shot and killed 65-year-old Regina Prosser during the robbery of her home.[2]  After the shooting, Klinger fled Pennsylvania.  Once apprehended,

---

[1] In ***Miller***, the United States Supreme Court held that a "mandatory [sentence of] life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments."  567 U.S. at 465 (internal quotation marks omitted).

[2] Klinger was familiar with Prosser and her home because she was his neighbor from 1960 to 1967, when he was in the care of his first foster family.

---

*Retired Senior Judge assigned to the Superior Court.

Klinger pleaded guilty to a general murder charge. A three-judge panel of the Court of Common Pleas found him guilty of first-degree murder and sentenced him to a mandatory term of life imprisonment without the possibility of parole (LWOP).

Our Supreme Court affirmed Klinger's judgment of sentence. *Commonwealth v. Klinger*, 337 A.2d 569 (Pa. 1975). Klinger filed several motions and collateral petitions for relief in the following years. Relevant to this appeal, on February 19, 2016, Klinger filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, claiming that his sentence was unconstitutional under *Miller* and *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718 (2016) (holding that *Miller* applies retroactively to cases on collateral appeal).[3]

The PCRA court convened the first of several PCRA/resentencing hearings on June 2, 2016. Following that hearing, the PCRA court stayed further proceedings until after *Commonwealth v. Batts* (*Batts II*), 163 A.3d 410 (Pa. 2017), was decided. In *Batts II*, our Supreme Court held that in resentencing a juvenile defendant convicted of first-degree murder pre-*Miller*, a court may sentence the defendant to LWOP only after finding him "permanently incorrigible and that rehabilitation would be impossible[;]" otherwise, the defendant shall be sentenced to life with the possibility of parole following a minimum term-of-years sentence. 163 A.3d at 459-60.

---

[3] Klinger filed this petition within 60 days of the issuance of *Montgomery*.

The resentencing hearings reconvened on November 9, 2017, and November 15, 2017, and in accordance with the requirements of **Batts II**, the Commonwealth indicated its intent to seek a LWOP sentence.[4] N.T., 11/9/2017, at 15; **see also** N.T., 11/15/2017, at 7-18, 23-24 (arguing for a sentence of LWOP). Klinger argued that a sentence of LWOP was not appropriate and requested a minimum term-of-years sentence of less than 45 years. N.T., 11/15/2017, at 39. At the conclusion of the hearing, the PCRA court found that the Commonwealth had failed to meet its burden for the imposition of a LWOP sentence. Thus, the court vacated Klinger's LWOP sentence and resentenced him to 46-years-to-life imprisonment. The Commonwealth filed a motion for reconsideration, arguing that the minimum term-of-years sentence imposed was disproportionate to the nature of the offense. At the hearing on its motion, the Commonwealth clarified that it was not challenging the PCRA court's conclusion that the Commonwealth failed to meet its burden for the imposition of a LWOP sentence. Rather, it was only challenging the court's discretion in fashioning the minimum term-of-years sentence. N.T., 12/1/2017, at 2-3, 18. Following that hearing, the PCRA court denied the motion.

---

[4] Upon inquiry by the PCRA court in the event that the PCRA court denied that request, the Commonwealth alternatively requested a minimum term-of-years sentence of 65 years. N.T., 11/15/2017, at 56-57.

This timely appeal followed.[5]   On appeal, the Commonwealth claims that the PCRA court abused its discretion in fashioning Klinger's minimum term-of-years sentence.   Commonwealth's Brief at 7.   Because this claim implicates the discretionary aspects of Klinger's sentence, we must first determine whether the Commonwealth has invoked this Court's jurisdiction to review the merits of this claim.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right.   An appellant challenging the discretionary aspects of [a] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Here, the Commonwealth has satisfied three of the four requirements: it timely filed a notice of appeal, preserved the claim in a motion to reconsider, and included a Pa.R.A.P. 2119(f) statement in its brief. Therefore, we now consider whether the Commonwealth has raised a substantial question for our review.

---

[5] Both the Commonwealth and the PCRA court complied with Pa.R.A.P. 1925.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Griffin**, 65 A.3d at 935 (citation and quotation marks omitted).

The Commonwealth contends in its Pa.R.A.P. 2119(f) statement that the sentencing court "focused more narrowly on [Klinger's] status as a juvenile and his behavior during his time incarcerated without due consideration for the other individualized factors and circumstances surrounding the murder[.]" Commonwealth's Brief at 20. In essence, the Commonwealth contends that the PCRA court weighed the various sentencing factors incorrectly. Such a claim does not present a substantial question for our review. **Commonwealth v. Zirkle**, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question.").

Even if the Commonwealth had raised a substantial question, its argument on appeal is nothing more than a request for this Court to reweigh the sentencing factors differently than the PCRA court. Commonwealth's Brief at 27-31. This we cannot do. **See Commonwealth v. Moury**, 992

A.2d 162, 170 (Pa. Super. 2010) (citation omitted) ("An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.").

The PCRA court had the benefit of Klinger's court record dating from 1971 to the present, including all of the hearing transcripts and opinions; his probation department file; his 2016 pre-sentence investigation report; three defense expert reports; one Commonwealth expert report; the arguments of counsel; numerous exhibits detailing the murder and Klinger's rehabilitation; and Klinger's statements of apology. *See* N.T., 11/15/2017, at 99-102. The PCRA court thoroughly considered all of that evidence in light of the relevant case law and extensively outlined its analysis of the requisite sentencing factors. *Id.* at 103-120. After balancing those factors, the PCRA court concluded that although it was "a horrible, egregious killing[,]" the "Commonwealth has not demonstrated that [] Klinger has reached the level of incorrigibility that is required now under *Miller*[], *Montgomery* and *Batts* to have life without parole as a sentence." N.T., 11/15/2017, at 120, 131. Instead, the PCRA court determined that a minimum-term-of-years sentence of 46 years was appropriate. *Id.* at 126-29, 133-34, 140. We find no abuse of discretion in that conclusion. As aptly stated by the PCRA court, the fact that it "did not weigh the facts and circumstances in the same

manner as the Commonwealth neither constitutes an abuse of discretion nor demonstrates a deviation from sentencing norms." PCRA Court Opinion, 3/14/2018, at 18.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 1/11/19